405599                                                                                                    0108-10372

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CALVIN CRUMP and<br>FRED BROWN<br>    **Plaintiffs**<br><br>**VERSUS**<br><br>BURAS OILFIELD SERVICES, LLC<br>    **Defendant** | CIVIL ACTION<br><br>NUMBER:  2:10-cv-03593<br><br>SECTION "L"<br>Judge Eldon E. Fallon<br><br>MAGISTRATE<br>Magistrate Judge Sally Shushan |
|---|---|

## BURAS OILFIELD SERVICES, L.L.C.'S ANSWER TO COMPLAINT BY PLAINTIFFS, CALVIN CRUMP AND FRED BROWN

**NOW INTO COURT,** through undersigned counsel, comes Buras Oilfield Services, L.L.C.'s ("Buras"), and for Answer to the Complaint of plaintiffs, Calvin Crump and Fred Brown, respectfully represents as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiffs' Complaint fails to state a claim against Buras upon which relief can be granted.

### SECOND DEFENSE

Buras denies that proper service has been made.

### THIRD DEFENSE

The Complaint is barred by the applicable period of prescription and/or statute of limitations and/or laches.

## FOURTH DEFENSE

AND NOW, for answer to the particular allegations of plaintiffs' Complaint, Buras avers as follows:

I.

The allegations of Paragraph I are admitted.

II.

Paragraph II contains legal conclusions that do not require an answer. However, Buras denies the allegations to the extent necessary.

III.

The allegations of Paragraph III are denied.

IV.

The allegations of Paragraph IV are denied.

V.

The allegations of Paragraph V, including subparts a. through e. under "NEGLIGENCE OF BURAS", and subparts a. through c. under 'UNSEAWORTHINESS OF THE VESSEL" are denied.

VI.

The allegations of Paragraph VI are denied.

VII.

The allegations of Paragraph VII are denied.

## FIFTH DEFENSE

Buras avers that the plaintiffs were not in the course and scope of employment or in the service of a vessel at the time they were actually injured and therefore plaintiffs can have and make no recovery herein.

## SIXTH DEFENSE

Plaintiffs' injuries, if any, resulted from a condition which was open and obvious to plaintiffs.

## SEVENTH DEFENSE

Without waiving the above and foregoing, and further answering if same be necessary, Buras avers that plaintiffs' damages arose as the result of pre-existing and/or subsequently developed physical conditions which were neither caused nor aggravated by any act or omission of Buras, thus barring or mitigating any recovery by plaintiffs herein.

## EIGHTH DEFENSE

Buras avers that if the plaintiffs sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary risks inherent in their occupation which were voluntarily assumed and for which Buras herein is in no way responsible and/or were caused by others for whom defendant is not responsible.

## NINTH DEFENSE

Buras specifically denies that plaintiffs were injured as alleged.  Alternatively, defendant pleads the contributory negligence of the plaintiffs as a complete bar, or alternatively, in mitigation of any recovery.  More specifically, if the plaintiffs sustained any illness or injury, which is denied, then said illness or injury was caused by and/or

contributed to and/or aggravated by the negligence of the plaintiffs in the following particulars, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;

2. Failure to take proper precautions to avoid the alleged accident;

3. Failure to utilize safety measures available to prevent the accident; and

4. Any and all other acts of negligence, fault, and/or assumption of the risks which will be proven at trial.

## TENTH DEFENSE

Buras further avers that if plaintiffs sustained any injuries, which is denied, said injuries were caused or brought about by the ordinary normal risks incident to their occupation which were voluntarily assumed by plaintiffs and for which Buras is in no way responsible.

## ELEVENTH DEFENSE

Defendant further avers that the injuries alleged by plaintiffs were caused in whole or in part by the fault, acts, negligence or omissions of a third party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that plaintiffs are entitled to recover from defendant, which is denied, plaintiffs' recovery should be reduced in proportion to the degree or percentage or negligence or fault of such third parties.

## TWELFTH DEFENSE

In the further alternative, Buras alleges and avers that plaintiffs have failed to mitigate their alleged damages and recovery herein is mitigated or defeated.

## THIRTEENTH DEFENSE

Buras alleges and avers that it is entitled to exonerate or limit its liability under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.*, should it be liable unto plaintiffs in any regard, which is specifically denied. Buras in no way waives its right to pursue exoneration or limitation as a defense in any subsequent proceeding in any court of competent jurisdiction.

## FOURTEENTH DEFENSE

Buras affirmatively avers that at no time were plaintiffs ever denied medical treatment.

## FIFTEENTH DEFENSE

Buras specifically contends that plaintiffs are not Jones Act seamen, and further avers that they have failed to satisfy the elements of seaman status.

## SIXTEENTH DEFENSE

In addition, Buras avers that plaintiffs are not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## SEVENTEENTH DEFENSE

Buras avers that the factual investigation is just beginning, medical records and other written discovery has not been exchanged, and Buras has not had an opportunity to conduct an independent medical examination of the plaintiffs.

## EIGHTEENTH DEFENSE

To the extent that any allegations are contained in the prayer for relief in judgment in the plaintiffs' Complaint, said allegations are denied and the plaintiffs'

prayer for relief is denied. To the extent that any other allegations in the plaintiffs' Complaint have not been answered herein, said allegations are denied for lack of sufficient information to justify a belief therein. Buras further reserves its right to supplement and/or amend its affirmative defenses and answer, and to assert any other rights, claims and defenses.

## JURY DEMAND

Buras hereby demands a trial by jury on all issues and claims.

**WHEREFORE,** the premises considered, Buras Oilfield Services, L.L.C., prays that this, its Answer to the Complaint, be deemed good and sufficient and, that after due proceedings are had, there be judgment herein in favor of defendant, Buras Oilfield Services, L.L.C. , and against plaintiffs, dismissing the Complaint at plaintiffs' costs, and that defendant, Buras Oilfield Services, L.L.C., be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/ Salvador J. Pusateri*
Ronald A. Johnson (#07329)
Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras St., Ste. 4700
New Orleans, LA 70139
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for Buras Oilfield Services, L.L.C.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of December, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*